IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANGEL BRUCE,                          )          Case No. 3:20-cv-229
                                      )
            Plaintiff,                )          JUDGE KIM R. GIBSON
                                      )
    v.                                )
                                      )
KILOLO KIJAKAZI, Acting               )
Commissioner of Social Security,[1]   )
                                      )
            Defendant.                )

## MEMORANDUM OPINION

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff Angel Bruce ("Bruce") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI"). For the reasons set forth below, the Court finds that the Commissioner's decision should be **AFFIRMED**.

I.      **Procedural History**

On March 22, 2018, Bruce protectively filed an application for SSI, alleging disability beginning on December 1, 2017. (Tr. 10). Bruce's initial claim was denied on August 8, 2018. (*Id.*). On September 19, 2018, Bruce filed a written request for a hearing. (*Id.*). Administrative Law Judge ("ALJ") John A. Fraser held a hearing on March 5, 2020. (*Id.*). The ALJ issued a decision on March 17, 2020, finding that Bruce was not disabled. (Tr. 7-

---

[1] Dr. Kilolo Kijakazi was appointed the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Dr. Kijakazi is substituted for Andrew M. Saul as the Defendant in this suit.

30). On October 15, 2020, the Appeals Council denied Bruce's request for review of her

appeal. (Tr. 1-6). Bruce appealed to the Court, where the parties' motions for summary

judgment are now pending.

## II.     Issues Presented

Bruce presents the following issues for review:

1.   Whether the ALJ's Residual Functional Capacity ("RFC") is supported by
     substantial evidence where the ALJ accorded "persuasive" weight to Dr. Roberts's
     psychological opinion findings but failed to include all psychological limitations
     found by Dr. Roberts in the RFC. (ECF No. 15 at 8-10).

2.   Whether the ALJ's RFC finding is supported by substantial evidence where the ALJ
     failed to weigh the medical opinion of treating physician Dr. Sternlicht in proper
     accordance with 20 C.F.R. §404.1520c. (*Id.*).

## III.     Discussion

### a.     Standard of Review

This Court's review is limited to a determination of whether the Commissioner's

Decision is supported by substantial evidence, and whether the Commissioner applied the

proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Zirnsak v. Colvin*,

777 F.3d 607, 610 (3d Cir. 2014). "The Commissioner's findings of fact are binding if they

are supported by substantial evidence." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d

Cir. 2010). Substantial evidence "means—and means only—'such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139

S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. Nat'l Labor Rels. Bd.*, 305 U.S. 197, 229

(1938)). Substantial evidence "is 'more than a mere scintilla but may be somewhat less than

a preponderance of the evidence.'" *Zirnsak*, 777 F.3d at 610 (quoting *Rutherford v. Barnhart*,

399 F.3d 546, 552 (3d Cir. 2005)). The Court "review[s] the record as a whole to determine

whether substantial evidence supports a factual finding." *Id.* (quoting *Schaudeck v. Comm'r,* 181 F.3d 429, 431 (3d Cir. 1999)). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 359 (3d Cir. 2011). Finally, the Court "review[s] the ALJ's application of the law de novo." *Poulos v. Comm'r of Soc. Sec.,* 474 F.3d 88, 91 (3d Cir. 2007).

b. **Evaluation Process**

The ALJ evaluates disability claims according to a sequential five-step process. 20 C.F.R. § 404.1520(a)(4). "First, the Commissioner considers whether the claimant is 'engaging in substantial gainful activity.'" *Zirnsak,* 777 F.3d at 611 (quoting 20 C.F.R. § 404.1520(a)(4)(i)). If the claimant is engaging in substantial gainful activity, then the claimant is not disabled. *Id.* "Second, the Commissioner considers the severity of the claimant's impairment(s)." *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(ii)). If at step two "the claimant's impairment(s) are either not severe or do not meet the duration requirement, the claimant is not disabled." *Id.* "Third, the Commissioner considers whether the claimant's impairment(s) meet or equal the requirements of one of the Commissioner's listed impairments." *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(iii)). If at step three "the claimant's impairment(s) meet [or exceed] the requirements of a listed impairment, then the claimant is disabled." *Id.*

If the claimant's impairments do not meet or exceed a listed impairment "then the inquiry proceeds to the fourth step, where the Commissioner considers whether the claimant can return to her past work." *Id.* In determining whether the claimant can perform past relevant work, the claimant's residual function capacity ("RFC") is assessed. *Id.* "A

claimant's RFC measures 'the most [she] can do despite [her] limitations.'" *Id.* (quoting 20 C.F.R. § 404.1545(a)(1)) (alterations in original).   In assessing the claimant's RFC, the "Commissioner examines 'all of the relevant medical and other evidence' to make its RFC determination." *Id.* (quoting 20 C.F.R. § 404.1545(a)(3)).   If the claimant can perform past relevant work, then the claimant is found not to be disabled.   *Id.*   The claimant bears the burden of satisfying the first four steps by a preponderance of the evidence.   *Id.*

For claims filed on or after March 27, 2017, the regulations governing the types of opinions considered and the approach to evaluating opinions by ALJs were amended and the treating physician rule was eliminated. 20 C.F.R. §§ 404.1520c; 416.920c.  Under the new, broadened regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." *Id.* at § 404.1520c(a). Instead, the ALJ is required to articulate how persuasive they find medical opinions and prior administrative findings. *Id.* at § 404.1520c(b). In doing so, the ALJ shall consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors such as familiarity with other evidence in a claim or new evidence received after the opinion which makes the findings more or less persuasive. *Id.* at § 404.1520c(c). The most important factors considered are supportability and consistency. *Id.* at § 404.1520c(a); *see also id.* at § 404.1520c(b)(2). Therefore, the ALJ must explain how they considered the supportability and consistency of an opinion but are not required to discuss how they considered the remaining factors. *Id.* at § 404.1520c(b)(2). When opinions are equally supported and consistent with the record on the same issue but

are not exactly the same, the ALJ must articulate how the other factors contributed to their decision. *Id.* at § 404.1520c(b)(3). Additionally, the ALJ is not required to disclose how they considered evidence from nonmedical sources. *Id.* at § 404.1520c(d).

At step five, "the Commissioner bears the burden of establishing the existence of other available work that the claimant is capable of performing." *Id.* at 612 (citing 20 C.F.R. § 404.1520(a)(4)(v); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987)). To meet this burden, "the Commissioner must produce evidence that establishes that 'work exists in significant numbers in the national economy that [the claimant] can do.'" *Id.* (quoting 20 C.F.R. § 404.1560). The Commissioner uses the RFC, as well the testimony of vocational experts and specialists, to establish that work exists in significant numbers in the national economy that the claimant is capable of performing. *Id.* "[E]ntitlement to benefits is dependent upon finding the claimant is incapable of performing work in the national economy." *Id.* (internal quotation marks omitted).

c.   **The ALJ's Evaluation of Bruce**

At step one, the ALJ found that Bruce had not engaged in a substantial gainful activity since March 22, 2018. (Tr. at 12). At step two, the ALJ found that Bruce had the following severe impairments: "left ankle status post arthroscopy, migraine headaches, depression, anxiety, a post-traumatic stress disorder, a panic disorder with agoraphobia, anhedonia, an obsessive compulsive disorder, and an attention deficit hyperactivity disorder. (*Id.*). At step three, the ALJ found that Bruce "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 14).

At step four, the ALJ determined that Bruce has the RFC "to perform light work as defined in 20 CFR 416.967(b) except [Bruce] is able to stand or walk for 4 hours in an 8 hour day." (Tr. 16).  The ALJ further determined that Bruce is:

> [A]ble occasionally to climb ramps and stairs, to balance, stoop, kneel, and crouch. She is not to climb ladders and scaffold and crawl. She is able to tolerate occasional exposure to humidity and extreme cold. She is not to be exposed to unprotected heights, moving machinery, and vibrations. She is able to understand, remember and carry out simple instructions. She is able to tolerate occasional interactions with supervisors and coworkers. She is not to have public interactions. She is able to tolerate one or two changes per week in an otherwise stable work routine. (*Id.*).

Finally, at step five the ALJ determined that, "[c]onsidering [Bruce's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Bruce] can perform." (*Id.* at 23). Accordingly, the ALJ found that Bruce is not disabled within the meaning of the Social Security Act.  (*Id.* at 24).

### d.  Analysis

#### i.  The ALJ's RFC Psychological Opinion Findings are Supported by Substantial Evidence

Bruce contends that the ALJ's RFC determination is defective because the ALJ failed to account for the mental limitations included in Dr. Roberts's psychological opinion findings. (ECF No. 16 at 8).  Specifically, Bruce argues that the ALJ accorded "persuasive" weight—the highest level of weight— to Dr. Roberts's psychological opinion findings, yet the ALJ did not adopt all of the mental limitations included in Dr. Roberts's psychological opinion findings. (*Id.* at 8-9).  Indeed, as stated in the RFC, Bruce has the following mental limitations: "[Bruce] is able to understand, remember and carry out simple instructions. She is able to tolerate occasional interactions with supervisors and coworkers. She is not to have

public interactions. She is able to tolerate one or two changes per week in an otherwise stable work routine." (*Id.*) (citing Tr. 16). However, Bruce argues that Dr. Roberts's "moderate" mental limitations also included several other "moderate" mental health limitations not included in the RFC including: "performing activities within a schedule; maintaining regular attendance; being punctual within normal tolerances; completing a normal workday and workweek without interruptions from psychologically-based symptoms; or performing at a consistent pace without an unreasonable number and length of rest periods." (*Id.* at 9).   Although the "RFC does not have to wholesale adopt Dr. Roberts's opinion findings," Bruce argues that the RFC should have "accurately reflected Dr. Roberts's opinion findings since the ALJ never gave any indication that he had any disagreement, of any kind, with Dr. Roberts's opinion findings." (*Id.*).  Given the ALJ's failure to account for these mental limitations, Bruce argues that the RFC is clearly defective with respect to the mental limitations assessed by Dr. Roberts. (*Id.*).

In response, the Commissioner argues that the ALJ's RFC determination with respect to mental limitations is supported by substantial evidence. (ECF No. 17 at 9). Specifically, the Commissioner argues that Dr. Roberts found that Bruce had "a mild limitation in the ability to understand, remember, or apply information, and moderate limitation in the ability to interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself," all of which were included in the ALJ's RFC findings. (*Id.*) (citing Tr. 14-15; 65-66).  Further, the Commissioner argues that "to the extent that Dr. Roberts's prior administrative medical findings may contain limitations that were more restrictive than the RFC, the ALJ did not need adopt all aspects of the prior administrative findings,

even though he found it persuasive."(*Id.* at 9).  Lastly, the Commissioner argues that under the new regulations for claims filed after March 27, 2017, the ALJ considered "the most important factors" of supportability and consistency in reaching his RFC determination. (*Id.*).

Here, the Court finds that the ALJ's RFC determination with respect to Bruce's mental limitations is supported by substantial evidence.  The Court notes that the ALJ found Dr. Roberts's psychological opinion findings persuasive. (Tr. 19). However, simply finding an opinion persuasive does not mean that the ALJ must accept the persuasive medical opinion wholesale. *See Wilkinson v. Commissioner of Social Security*, 558 Fed. App'x 254, 256 (3d Cir. 2014) (finding "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gave the source's opinion as a whole 'significant' weight.").  Further, after reviewing the opinions and records of other medical providers, the ALJ observed that "the medical records show a consistent course of conservative treatment for the claimant who stays at home, watches television, and chooses to let her children to the housework." (Tr. 22).  Ultimately, the ALJ concluded that "there is no medical reason for [Bruce's] choice [to stay home, watch television and let her children do the housework]." (*Id.*). Here, although the ALJ accorded persuasive weight to Dr. Roberts's opinion, the Court finds that the ALJ's RFC determination with respect to Bruce's mental limitations is supported by substantial evidence because the ALJ reviewed Bruce's medical record and other medical opinions and included only those mental limitations that were consistent with, and supported by,  other medical opinions referenced in the in the ALJ's RFC determination.

    ii.    **The ALJ Properly Weighed the Medical Opinion of Dr. Sternlicht in Accordance with 20 C.F.R. § 404.1520c and the ALJ's Findings are Supported by Substantial Evidence**

Bruce argues that the ALJ did not weigh the medical opinion of treating psychiatrist, Dr. Sternlicht, in proper accordance with 20 C.F.R. § 404.1520c. (ECF No. 15 at 11). Specifically, Bruce contends the ALJ erred in considering the first and second prongs, "which are about the 'supportability' and 'consistency' of the medical opinions with the substantial evidence of record." (*Id.* at 21) (citing 20 C.F.R. § 404.1520c(b)(3)(c)(1-2)).

In response, the Commissioner argues that the ALJ's evaluation of the medical opinion of Dr. Sternlicht is "precisely consistent" with the new framework established under 20 C.F.R. § 404.1520c. (ECF No. 17 at 13). The Commissioner contends that "the ALJ considered Dr. Sternlicht's opinion and explained specifically why he found it not persuasive." (*Id.*) (citing Tr. 21). Further, the Commissioner argues that the ALJ's evaluation of Dr. Sternlicht's opinion was not the ALJ substituting his own judgment for that of Dr. Sternlicht, as alleged by Bruce, but rather a reasonable assessment by the ALJ that Dr. Sternlicht's opinion was "'not persuasive, as it is not supported by his findings and findings of associated providers at Nulton Diagnostic and Treatment Center discussed' in the ALJ's decision." (*Id.*). The Commissioner concludes her argument stating that "there was no error in the ALJ's evaluation of Dr. Sternlicht's opinion, which was not supported by or consistent with the evidence, and the ALJ accordingly found [Dr. Sternlicht's] opinion not persuasive." (*Id.*).

Here, the Court finds that the ALJ properly weighed Dr. Sternlicht's medical opinion under 20 C.F.R. § 404.1520c. Indeed, the record clearly demonstrates that the ALJ

found Dr. Sternlicht's opinion unpersuasive because it was not consistent with the findings of other providers referenced by the ALJ. (Tr. 19).  Further the ALJ found that Dr. Sternlicht's "was not persuasive as it is not supported by his findings and [the] findings of associated providers" discussed elsewhere in the ALJ's decision. (*Id.*).  It is clear to the Court that the ALJ considered the most important factors of consistency and supportability in determining the persuasiveness of Dr. Sternlicht's opinion.  Given the foregoing, the Court finds that the ALJ did not err in considering Dr. Sternlicht's opinion and the findings of the ALJ are supported by substantial evidence.

IV.    **Conclusion**

Based on the foregoing, the Court finds that the Commissioner's decision should be affirmed.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL BRUCE, | ) | Case No. 3:20-cv-229 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

AND NOW, this 31st day of March, 2022, upon consideration of Plaintiff's Motion for Summary Judgment and brief in support (ECF Nos. 14, 15), Defendant's Motion for Summary Judgment and brief in support (ECF Nos. 16, 17), Plaintiff's Reply Brief (ECF No. 18), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment (ECF No. 14) is **DENIED.  IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 16) is **GRANTED.**

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE